# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* T.C.-1

No. 17-0764 (Wood County 14-JA-126)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.C.-2, by counsel George M. Torres, appeals the Circuit Court of Wood County's August 15, 2017, order terminating his parental rights to T.C.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Courtney L. Ahlborn, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights when less-restrictive alternatives existed and in denying him post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2014, the DHHR filed an abuse and neglect petition against petitioner, alleging that he committed acts of domestic violence against the child's mother in the child's presence. After several continuances, petitioner stipulated to the allegations of domestic violence contained in the petition in December of 2015. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period. Petitioner was granted a post-dispositional improvement period in August of 2016.

The circuit court held a dispositional hearing over the course of two days throughout March of 2017 and May of 2017. Several witnesses testified as to petitioner's lack of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as T.C.-1 and T.C.-2, respectively, throughout this memorandum decision. Finally, George M. Torres, petitioner's counsel, relies on the brief filed on behalf of petitioner by his prior counsel John Woods, who withdrew from the case in November of 2017.

improvement throughout the proceedings. A service provider testified that she requested to be removed from petitioner's case due to his threatening and controlling behavior. She testified that during one supervised visit with the child, petitioner became angry and refused to leave. The service provider asked petitioner to leave approximately seven times and threatened to call the police before petitioner complied and left the premises. Another service provider testified that petitioner attempted to manipulate and control his supervised visits and that she called the police on two different occasions due to his threatening behavior. Further, petitioner either was late for or missed several visits with the child. The director of the Batterer's Intervention and Prevention Program testified that petitioner also failed to attend or was late for several sessions aimed at addressing his domestic violence issues. Petitioner was argumentative and disruptive during his sessions, including one in which petitioner was asked to leave, refused, and thereafter caused such a disruption that the director was forced to relocate the entire class to another room. Petitioner was unsuccessfully discharged from the program following that incident, having participated in only three out of thirty-two required sessions.

Petitioner conceded that he did not complete parenting or adult life skills classes. Further, he testified that he did not believe he had an anger problem. After hearing evidence, the circuit court found that petitioner made no significant changes in his behavior and failed to gain insight into his circumstances, acknowledge his severe anger issues, or demonstrate a willingness or capacity to overcome these conditions. Accordingly, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. It is from the August 15, 2017, dispositional order terminating petitioner's parental rights that he appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[2]The mother's parental rights were terminated in 2016. According to the parties, the child is placed with a relative and the permanency plan is adoption by that relative.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights when less-restrictive alternatives were available. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

Petitioner did not comply with services throughout his improvement periods. At the dispositional hearing, several service providers testified that petitioner was often late to, or completely missed, his visits with the child. Further, the service providers testified that petitioner's anger and aggression issues were not resolved and that he attempted to control or manipulate his visits and sessions addressing domestic violence issues. Moreover, petitioner admitted at the dispositional hearing that he did not complete parenting and adult life skills classes. The circuit court found that, based on the evidence presented, petitioner failed to acknowledge his severe anger issues. In fact, petitioner testified at the dispositional hearing that he did not have an anger problem. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Given that petitioner failed to acknowledge his anger issues after being adjudicated, in part, upon the same, and failed to comply with services aimed at addressing these issues, we agree with the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Additionally, while petitioner argues that his parental rights should not have been terminated when less-restrictive alternatives existed, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Petitioner was granted two improvement periods throughout the proceedings below, and yet made no progress in remedying the conditions of abuse and neglect. Based on the evidence outlined above, we find no error in the circuit court's decision to terminate petitioner's parental rights.

Petitioner also argues that the circuit court erred in denying his request for post-termination visitation when there was evidence that he and the child shared a bond. We find that petitioner's argument is without merit.

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). While petitioner believes that post-termination visitation is in the child's best interest, the record indicates that petitioner's anger and aggression in the child's presence continued throughout both improvement periods. Service providers testified that petitioner was often late to or completely missed visits. When petitioner did attend visits, he attempted to manipulate and control the service providers and exhibited angry outbursts. Petitioner failed to address these conditions throughout his improvement period, and thus his behavior was not remedied. Therefore, we agree that post-termination visitation would not be in the child's best interests and find no error in the circuit court's decision denying the same.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 15, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker